## Moritz Ertl, Defendant in Error, v. Henry Aevermann, Plaintiff in Error.

### Gen. No. 17,811.

1. MUNICIPAL COURT—*affidavit of merits.* In an action for attorneys' fees expended, where the affidavit of merits states that services of such attorney are not worth to exceed a certain amount, and presents other facts to show no liability, a judgment entered on the affidavit for such amount is error.

2. APPEALS AND ERRORS—*final order or judgment.* Under the Municipal Court Act, when no final order as to the merits of a case, or final judgment, has been entered, there is no point for review by this court.

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed. Opinion filed February 13, 1913.

MORSE IVES, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

By writ of error it is sought to have this court review the action of the Municipal Court judge in striking out a portion of an affidavit of merits and entering judgment for $25 against plaintiff in error, defendant below, being a part of plaintiff's claim, which is said to be "admitted by the affidavit of defense to be due the plaintiff."

The claim made by plaintiff was to recover solicitors' fees amounting to $350, claimed to have been incurred by him in securing the reversal by this court of an order appointing a receiver, from the defendant, at whose instance the receiver was appointed. The affidavit of merits filed by the defendant alleges in substance that the appointment of the receiver was proper, and that said receiver was appointed without bond, and that the order appointing such receiver was reversed solely because no bond was required; that plaintiff was in no way damaged by this appointment and did not pay or become liable for any legal services on account thereof. The affidavit then proceeds as follows:

"That the several items and all of the items of services enumerated and alleged to have been rendered to the plaintiff as set up in his amended statement of claim filed in this cause are not reasonably worth the sum of Three Hundred and Fifty Dollars and are not worth to exceed the sum of Twenty-five Dollars; that none of the said services were necessary to the maintenance of said Ertl's rights.

"For further defense he sets up that Moritz Ertl did not become liable for or lay out Three Hundred and fifty Dollars as attorneys' fees or any other sum in the prosecution of his said appeal."

The Municipal Court struck out all of this affidavit except the following:

"That the several items and all of the items of services enumerated and alleged to have been rendered to the plaintiff as set up in his amended statement of claim, filed in this case are not reasonably worth the sum of Three Hundred and Fifty Dollars ($350) and are not worth to exceed the sum of Twenty-five Dollars (25),"

And thereupon entered judgment for $25, upon the theory that this amount was admitted by the affidavit of merits to be due.

It is apparent that the portion of the affidavit allowed to stand does not admit anything to be due plaintiff from the defendant. This averment goes solely to the question of the reasonable value of the services claimed to have been rendered. The judgment for $25 was erroneously entered, and is reversed.

Counsel urges this court to pass upon what he says is the point involving the merits of the whole controversy, namely, the sufficiency of the facts set up in the affidavit of merits as a defense. We cannot pass upon this point at this time, as the court below has entered no final order as to the merits of the case. The judgment order contains the following recital:

"The court reserves for future determination and adjudication the matter of the balance of the plaintiff's demand claimed in said plaintiff's affidavit of claim and the matter of whether further costs shall be allowed herein to either of the parties to this cause.

"It is further ordered that the court retain jurisdiction herein and that this suit proceed as to said portion of the plaintiff's demand in dispute as if the suit had been brought therefor."

The trial court, as we have said, has misconceived the effect of the portion of the affidavit of merits remaining, and the judgment for $25 being set aside, the suit awaits the final judgment of the trial court. When such final judgment is entered, should it be adverse to defendant, then the other questions argued might properly be presented for review to this court.

The judgment is reversed.

*Reversed.*